# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1915.

---

### ELLIS *v.* STATE.

[69 South. 819.]

RECORDS. *Justice court. Substituted record. Effect.*

> Where on appeal by a defendant to the circuit court from a conviction in a justice of the peace court, it appeared that the justice record had been lost and the defendant was tried *de novo* in the circuit court on a substituted record prepared by the district attorney over defendant's protest, without conforming to the statutory procedure for supplying lost records. In such case a conviction on appeal will be reversed.

APPEAL from the circuit court of Copiah county.

HON. J. B. HOLDEN, Judge.

From a conviction of a misdemeanor, defendant appeals.

The facts are fully stated in the opinion of the court.

*Watkins & Watkins,* for appellant.

The case of *Redus* v. *Gamble,* 85 Miss. 169, throws absolutely no light upon this controversy. It merely announces the proposition which is well settled that the filing of the appeal bond removes the case from the circuit court. The case of *Winter* v. *Williams,* 82 Miss. 672, deals with an entirely different subject-matter. The case of *Robinson* v. *Mhoon,* 68 Miss. 712, deals with an entirely defferent state of facts, as well as the case of *Hartsell* v. *Meyer,* 57 Miss. 135.

It may be that the circuit court could, at any time prior to the trial have permitted the record to be amended by signing the certificate, and that was what was done in the cases cited. We do not deny that prior to a trial a court can permit an amendment, it may be even in regard to jurisdictional matters; but we do not contend that in the absence of the certificate of the justice of the peace, the circuit court had absolutely no jurisdiction whatsoever in the premises to try or determine the case or sentence the appellant. The only jurisdiction he had was that of dismissing the appeal. After he has assumed jurisdiction, however, the appellant convicted, motion for new trial overruled, the appellant sentenced, and his case removed to this court by appeal bond, the court could not inject life into his void proceedings by permitting the certificate to be signed.

We call the attention of the court to the fact that in this case, the record has been supplemented by agreement with the attorney-general, and the certificate of the circuit clerk, page 4 of the record, shows that the justice of the peace did not actually sign the certificate until the 14th day of May, that is to say, three days after he was tried, convicted and sentenced, and three days after his appeal bond to this court had been filed in the lower court and approved. We do not deny the right of the trial court to amend proceedings, even, possibly, in jurisdictional

matters, prior to a trial. After a trial, he might amend proceedings in mere clerical matters, but the court below could not cause the proceedings to be amended so as to confer jurisdiction and have the same relate back to the beginning of the trial.

The case of *Brooks* v. *Snead,* 50 Miss. 416, throws absolutely no light upon this controversy, because in that case, the justice of the peace signed his certificate, and the court only held that it was unnecessary for the affiant to sign the affidavit.

The case of *Green* v. *Boone,* 57 Miss. 618, deals only with the right of the circuit court to cause an amendment to be made in an affidavit from the justice of the peace court, a proposition to which we fully assent.

*Lamar F. Easterling,* Assistant Attorney-General, for the State.

I do not think that it could be seriously contended that a circuit court has not the power to substitute the records from the justice court on proper application made therefor in a criminal case. In fact, this court has expressly so held. See *Winfield* v. *Jackson,* 89 Miss. 272; *Helm* v. *State,* 67 Miss. 571. So, therefore, the court very properly and correctly held that he had power to order a substitution of the record and that section 3173, of the Code, did not apply as this section applies solely to civil cases as can be seen from the wording thereof. I lay it down as equally true that the circuit judge, where it is shown that a case has been properly removed to his court by appeal, has ample authority by amendment to cure any technical error in the papers or proceedings so as to make the record speak the truth and conform to the facts of the case. (Secs. 1487 & 1511 of the Code.)

The truth of this case is that the state in making application to substitute the record undertook a burden not required of the state. In other words, the circuit judge would have been justifiable, if he had seen fit to do so,

and it was a matter purely within his discretion, to order the defendant to substitute the record within a reasonable time upon the penalty of having the appeal dismissed, if not substituted within a reasonable time. It does not appear that the appellant objected to the truthfulness of the copy of the record substituted but bases his whole objection upon the fact that same was not properly certified to. Of course if the original papers had been lost after they were filed in the office of the circuit clerk, the original transcript would have been lost too and of course it would not appear that it had been signed by the justice of the peace if the same was only a copy, and it was equally within the power of the court to allow the justice of the peace to perfect this error, if any, by signing and certifying to the same as of the date when the transcript was made. In the case of *Redus* v. *Gamble,* 85 Miss. 169, Judge TRULY, speaking for the court, says:

"The appeal bond filed by Gamble with the justice of the peace before the expiration of five days from the rendition of the judgment operated to remove the case to the circuit court."

In the case of *Winter* v. *Williams,* 82 Miss. 672, this court speaking through Judge TRULY, said: "The finding of the circuit judge on the disputed question of fact on the hearing of the motion to dismiss the appeal from the justice of the peace court will not be disturbed. The approval of the justice of the peace endorsed on the appeal bond showed that it had been filed in due time. The fact that he did not write his approval on the paper until after the expiration of the five days allotted by law does not alter the legal *status*. If, as the circuit judge decided, the bond was tendered the justice of the peace in due time, the names of its sureties read to him, their sufficiency unquestioned, and his approval of the bond stated, this was a legal filing which he could not afterwards invalidate. It was the duty of the circuit court to

see that when the law had been substantially complied with the rights of litigants are not prejudiced by technical errors of the inferior court, whether accidentally or intentionally committed. *Robinson* v. *Mhoon,* 68 Miss. 712, 9 So. 887; *Swain* v. *Gilder,* 61 Miss. 667.'' *Boisseau* v. *Kohn,* 62 Miss. 757, 24 Cyc. 706. See authorities cited under this section, especially *Romero* v. *Luna,* 6 N. M. 440, 30 Pac. 855; *Sandez* v. *Condeleria,* 5 N. M. 400, 23 Pac. 239; *Morteney* v. *Morteney,* 2 N. M. 464.

In the case of *Brooks* v. *Snead,* 50 Miss. 416, this court held that the certificate of a justice of the peace that the statutory affidavit (a prerequisite for an appeal) had been made is sufficient evidence of that fact though it was not signed. See, also, *Green* v. *Boone,* 57 Miss. 617, 31 Cent. Digest, 1578, *et seq.; Gaddis* v. *Palmer,* 60 Miss. 758.

Counsel for appellant cites *Cawthorn's case,* 100 Miss. 834. The question decided in this case was a jurisdictional one. Judge SMITH, speaking for the court, says: ''As this record contains no certified copy of the proceedings before the justice of the peace, in whose court this cause is supposed to have originated, the court below was without jurisdiction and consequently the judgment must be reversed and cause remanded.''

In the above case, the Assistant Attorney-General admitted in this brief that there was not a proper certified copy of the proceedings in the record.

It is plain that the above case is not authority for the case now before the court. The case of *Rodgers* v. *Hattiesburg,* 99 Miss. 639, was a case where the transcript of the proceedings in the court below were certified to by the city clerk, this court having held that such clerk was not the proper party to certify to the record and of course it followed, as a matter of course, that there was no certified copy at all and the circuit court was without jurisdiction. The transcript of the record certified to by one without authority not purporting to have been signed

by the magistrate before whom the proceedings were had was a nullity on its face and failed to show the jurisdictional facts necessary to remove the case to the circuit court.

In the case of *Ruff* v. *Montgomery,* 83 Miss. 184, it was held that "where the record disclosed no appeal bond nor any record of the proceedings in that court, the circuit court was without jurisdiction to entertain the appeal and that therefore an appeal from the circuit court would be dismissed. However, it was further ordered that if the appellant would complete his record by *certiorari* the cause would be re-instated. Of course if the face of the record showed that the supreme court had no jurisdiction, the case could not be acted upon until the jurisdictional facts were made to appear of record.

In the case of *Ball* v. *Sledge,* 87 Miss. 747, Judge TRULY in dealing with this subject said: "So far as the record shows, the case was never tried or decided by the justice of the peace. There is no judgment of the justice of the peace, no bond for appeal to the circuit court, nothing to show a final determination in the court where the case was first tried." But it was further held in that case that if the appellant would perfect his appeal by *certiorari* the case would be re-instated which was afterwards done.

As the record then appeared, it was defective because it failed to show the necessary jurisdictional facts on its face but when it was made to appear that such facts existed and the record conformed to the facts, the case was re-instated and tried on its merits.

In all such questions of this kind, the sole question is whether or not, as a matter of fact, the appellate court and the supreme court had acquired jurisdiction or not. The above case cites with approval the case of *Gardner* v. *R. R. Co.,* 78 Miss. 640. On the question of jurisdiction in the *Gardner Case,* Judge WHITFIELD, speaking for the court, said: "There is no bond for appeal in the cir-

cuit court and no judgment of the justice of the peace—
nothing to show that the case originated before a justice
of the peace. If not, the circuit court had no jurisdic-
tion and this court would have none. The mere state-
ment of the stenographer that the case had been tried by
a justice of the peace and had been appealed to the cir-
cuit court will not do. We can only dismiss the appeal.
If the case was appealed to the circuit court, the bond
and judgment should appear in the record. We will re-in-
state the case if the appellant will, by *certiorari,* complete
his record.'' The record was afterwards completed and
the case tried upon its merits.

Counsel also relies upon the case of *Phail* v. *Bland,* 47
So. 666. In that case, Judge FLETCHER held that this
court dismissed the appeal of its own motion because the
record did not show that sections 84 and 85, of the Code
of 1906, had been complied with governing appeals to the
circuit court from judgments of the justice of the peace.
It is said in that case that the proceedings in the justice
court are not certified in the manner provided by law nor
are they shown in any manner, and the circuit court was
without jurisdiction. It was held, however, that if the
appeal should be perfected by *certiorari,* the case would
be heard upon its merits, citing the *Ruff Case,* the *Ball
Case* and the *Gardner Case.* So likewise in the case of
*Murphy* v. *Hutchinson,* 47 So. 666, Judge FLETCHER held
that this court would be compelled to dismiss the appeal
because the record did not show that any judgment was
rendered by the justice, any appeal bond executed or cer-
tified copy of the proceedings filed in the circuit court.

In the case of *Greenwood* v. *Weaver,* 50 So. 98, the
court merely held that the certificate of a record by a city
clerk was not a compliance with section 85, of the Code
of 1906, and that the court properly dismissed the appeal.
To the same effect was *Allen* v. *State,* 53 So. 498.

The two above cases were decided expressly on the
ground that a certified copy of the proceedings certified

to by the deputy clerk and not by the magistrate who tried the cases was not a compliance with section 85 of the Code of 1906.

In the case of *Green* v. *Boone,* 57 Miss. 618, Judge CAMPBELL, speaking for this court, held that the trial court should have allowed appellant to introduce the magistrate to amend the affidavit for appeal. It should be remembered that the affidavit in such cases was a prerequisite to the right of appeal. *Lupkin & Son* v. *Russlee,* 67 So. 185, 23 Cyc. 872, and authorities cited in note 48; 1 Freeman on Judgments (4th Ed.), par. 89b; note to *Malone* v. *Samuel,* 13 Am. Dec. 172. The cases of *Dorsey* v. *Peirce,* 5 How. 173, and *Hughes* v. *Lapice,* 5 Smedes & M. 451, are in harmony with the rule as here announced, for the reason that each of them comes within the exception or proviso.

In the case of *Richburger* v. *State,* reported in 90 Miss. 806, it was held that it was not error to allow the district attorney to amend the indictment by changing the name of the party injured from the Jonestown Bank to the Jonestown Bank of Jonestown. The court further stated that had objection been made there even on a motion for a new trial, the order would no doubt have been entered as it could have been done at any time in *nunc pro tunc* as of the date when the entry should have been made.

In view of the foregoing authorities, I think the court had ample power to correct the certificate by requiring the justice of the peace to attach his name thereto.

COOK, J., delivered the opinion of the court.

Appellant was convicted in the court of a justice of the peace upon a misdemeanor charge, and appealed to the circuit court. When the case was called in the circuit court, we get from the record, the district attorney informed the court that the record from the justice's court had become lost or destroyed, and this fact seems to have been

admitted by counsel for appellant. The district attorney then asked that a copy of the record be substituted for the original, and that the trial proceed upon the alleged copy. The alleged copy seems to have been prepared under the directions of the district attorney. Appellant protested against being put upon trial upon the copy, saying that he did not know whether the alleged copy offered was a true copy or not. The trial judge, after stating that "the case was tried in the lower court, and the defendant was acquainted with the charge, and ought to be sufficiently familiar with it to know whether the papers substituted here are correct," overruled appellant's objection, and this trial proceeded, resulting in a verdict of guilty and a judgment of the court imposing a fine of fifty dollars upon defendant; therefore this appeal. The trial court seems to have proceeded upon the theory that it was up to the defendant to point out wherein the alleged substituted record was incorrect, and, failing to do this, it would be presumed that the record was correct.

The state did not conform to the procedure required by any of the statutes of this state, and, as we see it, appellant was tried in the circuit court without a record from the justice of the peace court. A lost record may be supplied, but this must be accomplished in the manner pointed out by the statute. The state did not ask that defendant's appeal be dismissed, but elected to try him *de novo*, and, having elected this course, it was the duty of the district attorney to conform to the statute, if he desired to substitute the lost record.

*Reversed and remanded*